# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEREK DE JONG, et al.,   ) | Case No. 2:19-cv-05551 |
| ) | |
| Plaintiffs,   ) | Judge Michael H. Watson |
| ) | |
| v.   ) | Chief Magistrate Judge Elizabeth P. Deavers |
| ) | |
| THE OHIO STATE UNIVERSITY,   ) | |
| ) | |
| Defendant.   ) | |
| _____ ) | |

### DEFENDANT THE OHIO STATE UNIVERSITY'S
### UNOPPOSED MOTION TO EXTEND DEADLINE TO MOVE, ANSWER, OR
### OTHERWISE PLEAD TO COMPLAINT PENDING MEDIATION

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, S.D. Ohio Civ. R. 6.1(a), and Judge Watson's Standing Orders governing motions for extensions of time, defendant The Ohio State University ("Ohio State") respectfully moves this Court to extend all deadlines to move, answer, or otherwise plead to the complaint in the above-captioned action during the pendency of mediation, until such time as the parties have concluded their mediation efforts and the Court has set a deadline for Ohio State to respond to the complaint.  No prior extensions have been sought or granted with respect to Ohio State in the above-captioned matter. Counsel for Ohio State have conferred with counsel for plaintiffs related to the instant Motion, and plaintiffs do not oppose this Motion.  The grounds for this Motion are set forth more fully in the accompanying Memorandum in Support, and a Proposed Order is attached.

Respectfully submitted,

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

/s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Jennifer A.L. Battle (0085761)
David J. Barthel (0079307)
Stephen E. Dutton (0096064)
Carpenter Lipps and Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
battle@carpenterlipps.com
barthel@carpenterlipps.com
dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

**MEMORANDUM IN SUPPORT**

I.     **BACKGROUND.**

The above-captioned case comprises one of the seventeen cases filed against Ohio State relating to allegations of abuse by former physician Dr. Richard Strauss.  Motions to dismiss are fully briefed in two cases, lead Case No. 2:18-cv-00692 ("*Garrett*") and Case No. 2:18-cv-00736 ("*Snyder-Hill*"), although temporarily mooted by the Court pending the outcome of mediation.  All seventeen cases have been designated as related and/or consolidated during the pendency of mediation.

The Court has effectively stayed proceedings in the *Garrett* and *Snyder-Hill* matters, including mooting the motions to dismiss, until the mediation has concluded.  *See* Transcript, *Garrett*, Doc. 52, at 4 ("The Court does not intend to rule anytime soon on the motions to stay discovery or the motions to dismiss.  The Court intends that we will mediate these cases…."); Doc. 50 ("This case remains at a standstill pending mediation and further order of the Court" and holding "in abeyance" motion to dismiss pending mediation); Doc. 90 ("The Court will hold a preliminary pretrial conference to establish case deadlines after the parties have exhausted their efforts at mediation"; ordering that discovery "should be narrowly tailored for purposes of mediation"); Doc. 108 at 1-2 ("terminating "as moot" Ohio State's pending motions to dismiss "in order to facilitate settlement"; stating "Defendant may renew the motions if mediation ultimately proves unsuccessful" and "Defendant shall ask the Court to reactivate the motions to dismiss, if necessary, at the conclusion of mediation"); Doc. 132 ("[T]he Court believes the best course of action is to focus efforts at this time on mediation rather than litigation. . . . The Court discourages the filing of motions unnecessary to the furtherance of mediation unless and until Judge Barrett informs the Undersigned that mediation has reached impasse").

On March 15, 2019, the Court referred the *Garrett* and *Snyder-Hill* parties to Senior United

States District Judge Michael R. Barrett for mediation. *See* Order, *Garrett*, Doc. 69. On June 15, 2019, the parties participated in an all-day mediation session before Judge Barrett. Although the complaint in the above-captioned case had not yet been filed at the time of the June 15, 2019 mediation session, counsel for the plaintiffs here participated in the mediation session because they also represent the plaintiffs in related case, *Michael DiSabato, et al.*, Case No. 2:19-cv-2237, which was on filed May 29, 2019. Counsel for the plaintiffs here also represent the plaintiffs in the following related cases: *John Does 37-66*, Case No. 2:19-cv-3165 (filed July 22, 2019), *John Does 67-87*, Case No. 2:19-cv-4397 (filed October 3, 2019), *John Does 88-94*, Case No. 2:19-cv-4624 (filed October 18, 2019), and *Dave Beaudin, et al.*, Case No. 2:19-cv-4634 (filed October 18, 2019). The Court has entered orders in each of the above cases granting Ohio State's unopposed motions to extend Ohio State's deadline to move, answer, or otherwise plead to the complaints during the pendency of mediation. *See* Orders, *DiSabato* (Doc. 22), *John Does 37-66* (Doc. 10), *John Does 67-87* (Doc. 17), *John Does 88-94* (Doc. 15), and *Beaudin* (Doc. 13).[1]

On October 28-29, 2019, Judge Barrett and representatives for all interested parties, including Ohio State, met for additional all-day mediation sessions. On November 26, 2019, counsel for the various parties and Judge Barrett participated in a telephonic mediation conference. Since November 26, 2019, the mediation has been continued in progress.

The complaint in the above-captioned case was filed on December 20, 2019. *See*

---

[1] In addition to the extension orders entered by the Court in the *DiSabato*, *John Does 37-66*, *John Does 67-87*, *John Does 88-94*, and *Beaudin* cases, the Court also has entered identical orders granting Ohio State's motions or unopposed motions to extend Ohio State's deadlines to move, answer, or otherwise plead to the complaints during the pendency of mediation, until such time as the parties have concluded their mediation efforts and the Court has set a deadline for Ohio State to respond to the complaints, in the following related cases: *Michael Heifferon*, S.D. Ohio Case No. 2:19-cv-02429, Doc. 17; *John Doe*, S.D. Ohio Case No. 2:19-cv-04433, Doc. 17; *Nicholas Nutter, et al.*, S.D. Ohio Case No. 2:19-cv-02462, Doc. 19; *Rocky Ratliff*, S.D. Ohio Case No. 2:19-cv-04746, Doc. 11; *Thomas Roehlig, et al.*, S.D. Ohio Case No. 2:19-cv-04441, Doc. 13; and *James Khalil, et al.*, S.D. Ohio Case No. 2:19-cv-04902, Doc. 25. On February 11, 2020, the Court entered an order granting Ohio State a 60-day extension to move, answer, or otherwise respond to the complaint in *John Doe S.DL*. S.D. Ohio Case No. 2:19-cv-5418 (Doc. 18).

4

Complaint, Doc. 1. On December 20, 2019, the Court entered an Order in the related cases, which again stated, consistent with prior orders: "The Court believes the best course of action is to focus efforts at this time on mediation rather than litigation." *Garrett*, Order, Doc. 132. On December 23, 2019, the Court determined that the above-captioned case was related to the *Garrett* case. *See* Related Case Memorandum, Doc. 4.

As the Court accurately observed at the January 17, 2019 Status Conference, it always has been the intent of Ohio State to do the "right thing" under the circumstances. *See* Transcript, Doc. 52, at 4, line 23. That remains true today. Ohio State has been, and remains, fully committed to the ongoing mediation, and is actively engaged in mediation discussions.

As mediation efforts continue, however, Ohio State's March 2, 2020 deadline to move, answer, or otherwise plead to the plaintiffs' complaint in the above-captioned case is fast approaching. Therefore, Ohio State requests an extension of this deadline to allow the parties to continue their mediation efforts. No prior extensions have been sought or granted with respect to Ohio State in the above-captioned matter.

Requiring Ohio State and the plaintiffs in this case to engage in motion to dismiss briefing while mediation is ongoing would threaten to disrupt the mediation by diverting the parties' attention and resources away from their mediation efforts. Granting the requested extension also would not impose a hardship on any party or the public. To the contrary, engaging in motion to dismiss briefing would impose a hardship on the parties in this case because it would require them to focus their time, attention, and resources on briefing rather than mediation (as the Court has consistently ordered). Additionally, given the Court has temporarily mooted the already briefed motions to dismiss until the ongoing mediation has concluded, the briefing would serve no purpose at this time. *See* August 23, 2019 Order, *Garret* Doc. 108, *Snyder-Hill* Doc. 90.

## II. CONCLUSION.

For the foregoing reasons, Ohio State requests that the Court enter an order extending Ohio State's deadline to move, answer, or otherwise plead to the complaint in the above-captioned, action during the pendency of mediation, until such time as the parties have concluded their mediation efforts and the Court has set a deadline for Ohio State to respond to the complaint.

Respectfully submitted,

DAVID A. YOST
ATTORNEY GENERAL OF OHIO

By: /s/ Michael H. Carpenter
Michael H. Carpenter (0015733) (Trial Attorney)
Timothy R. Bricker (0061872)
Jennifer A.L. Battle (0085761)
David J. Barthel (0079307)
Stephen E. Dutton (0096064)
CARPENTER LIPPS AND LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215
Phone: (614) 365-4100
Fax: (614) 365-9145
E-mail: carpenter@carpenterlipps.com
bricker@carpenterlipps.com
battle@carpenterlipps.com
barthel@carpenterlipps.com
dutton@carpenterlipps.com

Special Counsel for Defendant The Ohio State University

## **CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically on February 24, 2020. Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel. The parties may access this filing through the Court's ECF system.

      /s/ Michael H. Carpenter
      Trial Attorney for
      Defendant The Ohio State University